## FARMERS CO-OP OF ARKANSAS AND OKLAHOMA
### *v.* STATE of Arkansas et al

84-25                                              669 S.W.2d 440

Supreme Court of Arkansas
Opinion delivered May 21, 1984

*Ball, Mourton & Adams,* for appellant.

*Timothy J. Leathers, Wayne Zakrzewski, John H. Theis, Kelly Jennings, Ann Fuchs, Joe Morphew & Michael D. Munns,* by: *Joseph V. Svoboda,* for appellees.

GEORGE ROSE SMITH, Justice. The appellant taxpayer is a cooperative doing business in Crawford County. On seven occasions between October, 1976, and March, 1979, the

appellant's monthly gross-receipts tax return did not reach the office of the Commissioner of Revenues in Little Rock until from two to four days after the due date, although each return was deposited in a post office on or before its due date. The Commissioner disallowed $2,585.16 in discounts taken by the taxpayer for prompt payment and also assessed total 10% penalties of $11,194.81. The co-op paid the amount demanded, $13,799.97, and brought this suit against the State and its officers to recover the amount paid.

The case was submitted to the trial court upon the foregoing agreed facts, with a stipulation that if the deposit of the returns in the mail constituted a delivery to the Commissioner, the co-op should recover; otherwise not. The chancellor reasoned that the mailing of a return is not the equivalent of "delivering" it to the Commissioner, as the statute contemplates; so the co-op's claim was denied. Our jurisdiction is under Rule 29 (1) (c).

We do not think the question is merely whether the mailing of a return in Crawford County is a delivery in Pulaski County on the same day. In fact, the parties go beyond that issue in their briefs. On the agreed facts the pivotal question is what adverse consequences the legislature intended for the taxpayer to suffer when its monthly tax return reaches the Commissioner (whether mailed or not) from two to four days after its due date.

All the pertinent statutory language was contained in the 1941 gross-receipts tax law, which replaced the sales tax act and extensively modified its provisions. Act 386 of 1941. That statute of course must be considered as a whole, bearing in mind that its penal provisions must be strictly construed against the imposition of the penalty. *Harber* v. *Shows*, 262 Ark. 161, 553 S.W.2d 282 (1977).

Section 5 of Act 386 provided that it is the duty of all taxpayers, on or before August 15, 1941, "to deliver to the Commissioner" their returns, and thereafter "like returns shall be prepared and delivered to said Commissioner" by the 15th of each month for the preceding calendar month. Section 5 also provided that the remittance of the tax is to

accompany the return. "If not paid on or before the 15th of such month, the tax shall be delinquent from such date." No penalty for delinquency is mentioned in this section. Ark. Stat. Ann. § 84-1906 (Repl. 1960).

Next, Section 9 (b) provided that if any person fails to file a return, the Commissioner shall assess the tax and notify the taxpayer of the amount, with a 25% penalty. The section continued: "In case of failure or refusal to file a remittance . . .with any return required by this Act, within the time prescribed by this Act, 10 per cent of the tax shall be added as penalty; provided, that when a return or . . .remittance is filed after such time and it is shown that the failure to file it was due to reasonable cause, no such addition shall be made to the tax." § 84-1910.

The third pertinent section, strongly relied upon by the appellant, reads:

Section 14. *Discount Allowed Taxpayer for Prompt Payment.* At the time of transmitting the returns required under this Act, to the Commissioner, the taypayer shall remit therewith to the Commissioner, except as hereinafter provided, ninety-eight (98%) per centum of the tax under the applicable provisions of this Act, and failure to remit such tax at the time of filing the return shall cause said tax to become delinquent; provided, however, in the event the payment of any tax due under the applicable provisions of this Act becomes delinquent for a period of five days the taxpayer forfeits his claim to the two (2%) per centum discount and must remit to the Commissioner one hundred (100%) per centum of the amount of tax plus any penalty and interest due. This discount is allowed the seller or taxpayer to remunerate him for keeping Sales Tax records, filing reports, collecting the tax, and remitting it when due as required by this Act. [§ 84-1915.]

In view of the section just quoted, the Commissioner was evidently mistaken in disallowing the co-op's discounts for prompt payments. The statute allows a grace period of

five days before the discount is lost, and all the returns in issue were filed before that period had expired.

Furthermore, Section 14 also provides, in the clearest language to be found in the pertinent sections, that "failure to remit such tax at the time of filing the return shall cause said tax to become delinquent." "[S]aid tax," however, is the 98% of the tax that may be paid within five days after the due date without being delinquent. We find it hard to believe that when the return is filed, say, three days after its due date, the legislature intended to reward the taxpayer with a 2% discount for his promptness and at the same time to punish him with a 10% penalty for his lack of promptness. Even though Section 5 of the Act contemplated the delivery of the returns to the Commissioner, Section 14 refers to "the time of transmitting the returns." In the face of such ambiguities in the statute, which must be construed strictly, we are not convinced that the penalty is to be imposed when the returns and the remittances reach the Commissioner less than five days after their due date. (Incidentally, the problem presented by this case will not recur, for in 1979 the legislature changed the law to provide that when a return is received by the Commissioner after its due date, the date of the United States postmark shall be deemed to be the date of delivery. Ark. Stat. Ann. § 84-4727 [Repl. 1980].)

Reversed.